## BROWN *vs.* THE STATE OF GEORGIA.

The title of the act of February 24, 1874, which is "An act to con-
solidate, amend and codify the various acts incorporating the city
of Dalton, in the county of Whitfield, and the various acts amenda-
tory thereof, and to define the duties of the mayor and council and
other officers of said city," contains no indication that any power
is conferred upon the mayor or council as a court to try cases of
assault, batteries, riots, affrays, and using opprobrious or abusive
language tending to provoke a breach of the peace, or using ob-
scene or vulgar language in the presence of a female; and such a
provision was unconstitutional, under the constitution of 1868, be-
cause the act contained matter different from hat indicated in the
title, and also because t contained two different subject-matters.
Therefore, where one was tried before he mayor of Dalton for an
assault and acquitted, the mayor was without urisdiction to try
him; and not having been in eopardy, a plea of former acquittal
to an indictment or assault with intent to murder, based on the
same transaction, was demurrable.

December 16, 1887.

Criminal Law. Former Acquittal. Municipal Corpor-
ations. Dalton. Constitutional Law. Before Judge FAIN.
Whitfield Superior Court. April Term, 1887.

Reported in the decision.

T. R. JONES, for plaintiff in error.

J. W. HARRIS, Jr., solicitor-general, by R. J. McCAMY,
for the State.

BLANDFORD, Justice.

Brown was indicted in the superior court of Whitfield
county for assault with intent to murder. He pleaded to
the indictment that he had been tried for an assault by the
mayor of Dalton, who he claimed had jurisdiction, and
that the assault was part and parcel of the offence em-
braced in the indictment and was the same transaction.
This plea was demurred to by the solicitor-general, and

the court sustained the demurrer; and to that ruling of the court the plaintiff in error excepted, and the case was brought here for review.

Whether this man had been placed in jeopardy before for this crime, would depend largely upon the fact whether he had been carried before a court of competent jurisdiction to try him. The jurisdiction of the mayor of Dalton to try persons for assault arises, it is claimed, under an act of the legislature, approved February 24th, 1874, the title to which is as follows: "An act to consolidate, amend and codify the various acts incorporating the city of Dalton, in the county of Whitfield, and. the various acts amendatory thereof, and to define the duties of the mayor and council and other officers of said city." This act contains twenty-four sections relating to the city of Dalton, defining the corporate limits, the duties of the mayor and council and other officers and the mode of their election, providing for the collection of taxes, and prescribing other powers incident to municipal corporations. But the 25th section contains the following language: "The mayor, or three members of council, in the absence of disqualification of the mayor, shall be a court for the trial of offenders, in the following class of cases, under the restrictions hereinafter imposed, when said offences have been committed within the corporate limits of said city: 1. Simple assault; 2. Batteries; 3. Riots; 4. Affrays; 5. Using opprobrious or abusive language tending to provoke a breach of the peace, or using obscene or vulgar language in the presence of a female," etc. There is no indication in the title to this act that any power is conferred upon the mayor or council as a court. The title to the act would indicate that the different laws which had been passed from time to time in relation to the city of Dalton were to be consolidated; it would indicate, and indicate alone, that it was an act relating to the corporate powers of the city of Dalton; and there is no hint in the title that there is to be any jurisdiction conferred upon the mayor or coun-

cil to try people for assaults, batteries, riots, affrays or anything of that sort.

We think, therefore, that the 25th section of this act, conferring this power, is obnoxious to the constitution which was of force at the time the act was passed, viz. the constitution of 1868, which contained a provision similar to that contained in the present constitution, to the effect that the legislature should pass no law or ordinance which referred to more than one subject-matter or contained matter different from what was expressed in the title thereof. There is no hint in the title of the act as to this twenty-fifth section, and it is a separate and distinct subject-matter. So it is obnoxious to the constitution on two grounds: the body of the act contains matter different from that indicated in the title, and the act itself contains two different subject-matters.

We think, therefore, that this section of the act is unconstitutional and void; and that being so, the plaintiff in error, when he was carried before the mayor of Dalton and tried for an assault, was carried before a tribunal that had no jurisdiction whatever to try him, and was in no danger or jeopardy. Besides, he was acquitted by the mayor. Hence we think that he could have been indicted in the superior court for the offence for which he was indicted and convicted.

Judgment affirmed.