## GRANT *v.* CAMP.

Since the adoption of the present constitution of this State, the legislature can not confer jurisdiction over crimes against the State upon a court created for the trial of municipal offenses. Especially is this

true where the attempt to confer such jurisdiction is in an act amending the charter of the city so as to create the municipal court, and there is nothing in the title of the act to indicate the legislative purpose to create a court for the trial of offenses against the State.

Argued June 20, — Decided July 27, 1898.

Habeas corpus. Before Judge Beck. City court of Griffin. April 27, 1898.

The General Assembly passed an act which was approved on December 3, 1880, to amend the charter of the city of Griffin so as to authorize the establishment of a city court in that city, etc. Acts 1880-81, p. 375. For acts amendatory see Acts 1892, p. 226; Acts 1897, p. 481. On February 3, 1898, an accusation was made in said court, charging Leila Grant and Nellie Grant with stealing certain goods of less than $50 in value from a house. They were tried and sentenced by that court to work upon the county chain-gang for two months. Leila Grant, a minor of eighteen years, was received into said chain-gang, escaped therefrom about February 28, and was recaptured and returned thereto on or about April 17. On the next day her father sued out a writ of habeas corpus, alleging that her restraint was illegal. Upon the hearing the writ was ordered to be dismissed, and this ruling was assigned as error.

*Thomas W. Thurman* and *Thomas E. Patterson,* for plaintiff. *O. H. P. Slaton* and *W. H. Beck,* contra.

SIMMONS, C. J. In the year 1880 the legislature of this State passed an act "to amend the charter of the city of Griffin, so as to authorize the establishment of a city court in said city, to define the jurisdiction of the same, and for other purposes." In 1897 the name of this court was changed to that of the "criminal court of Griffin." Jurisdiction was given to said court over all violations of the ordinances of the city of Griffin, and all the powers conferred by the charter upon the mayor, as police judge, or upon the police court of the city, were vested in and delegated to this court. It was also provided that, in case of the sickness, absence or disqualification of the judge, the mayor might preside in this court for the purpose of trying municipal offenses. The act also made it " the duty of said city judge,

without additional compensation, to act as city attorney and counsel, for the mayor and council of said city, in all the courts of this State, except said city court, and, as said attorney, he shall perform such other duties as the mayor and council may direct." It also provided that the clerk of the mayor and council should be ex officio clerk of the city court, and required him to perform such duties and receive such compensation as the mayor and council might direct. The marshal and policemen of the city were made officers of the court, and were required to execute all process issuing therefrom. The court was given jurisdiction over " offenses against the criminal laws of this State, when the offenses are committed within the limits of said city; simple larceny and larceny from the house, where the property does not exceed fifty dollars in value; assault and battery, vagrancy, riots, and carrying concealed weapons." The act provided that the judge should be elected by the mayor and council and commissioned by the Governor. All fines collected were to be paid over to the treasurer of the city to be used and appropriated as the mayor and council should direct.

Reading this act in connection with its title, it is apparent that the legislature intended to establish only a municipal court for the city of Griffin. The requirements that the judge should be elected by the mayor and council, that he should act as city attorney, that the clerk of the city council should be clerk of the court, that the marshal and policemen of the city should be officers of the court and execute its process, show clearly to our minds that the legislature intended this as a municipal and not as a State court. Intending simply to create a municipal court, could the legislature, under the constitution of this State, confer upon such court jurisdiction over misdemeanors committed in violation of State laws and the trial of which belongs exclusively to State courts? At the time of the passage of this act, the present constitution, that of 1877, was in force. Among the provisions of that instrument is one that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. Civil Code, § 5732. At the time of the passage of the act creating the city court,

there was also in force a general law conferring upon State courts jurisdiction to try all offenses against the State. This being true, the legislature could not, by amending the charter of a city, take away the jurisdiction of the State courts over misdemeanors committed in the city of Griffin and confer it upon a municipal or police court. It will be observed from reading the act, that jurisdiction is not extended to cases of misdemeanor committed beyond the limits of the city of Griffin, but is confined to offenses committed within the corporate limits. We think that the legislature had no power, under the constitution, to so amend the charter of a city as to create a special court and confer upon it jurisdiction to try offenses against the laws of the State. This is especially true in the present case, because the title to the act gives no intimation of any intention on the part of the draftsman or of the legislature to confer such jurisdiction upon this court. It is true the title showed an intention to create the city court of Griffin and that the legislature is given power, under the constitution, to establish city courts, but when the legislature does establish city courts, they must be of the nature of those specified in the constitution, to wit, the city courts of Savannah and Atlanta. When courts such as those are established, they become State courts and have jurisdiction all over the county and of all cases, civil and criminal, which are not vested by the constitution exclusively in other courts. It is also true that, under the constitution, the legislature has power to establish other courts than those mentioned in the constitution, denominate them " city courts," " county courts," " district courts " or by any other name they may deem proper, and give them jurisdiction over State offenses. But when so established, these are State courts, and we think that the legislature has no power to establish a hybrid court like the one now under consideration, the intention being to establish a municipal or police court and make it subordinate to the will of the municipal authorities, and, at the same time, to confer upon it jurisdiction to try offenses against the State when committed within the limits of the corporation. That portion of the act which gives jurisdiction over State offenses committed in the city is, therefore, unconstitutional and the judgment rendered in that court and

here complained of was void. It follows that the judge below erred in refusing to discharge the prisoner upon the writ of habeas corpus.

Upon the question of the power of the legislature to confer jurisdiction of State offenses upon municipal courts, see the case of *Aycock* v. *Rutledge,* 104 *Ga.* 533, and authorities cited.

*Judgment reversed.    All the Justices concurring.*