CLARKE, superintendent, *v.* JOHNSON.

No. 15095.   MARCH 7, 1945.

*Harold Sheats, J. C. Savage,* and *Bond Almand,* for plaintiff in error.

*Frank Grizzard* and *Frank A. Bowers,* contra.

WYATT, Justice. The plaintiff in error in his brief states that, "at the time . . Johnson was arrested and tried for the offense of driving an automobile while intoxicated on a public highway, there was in Fulton County a city or county court." Dealing with the case from this premise, and as thus presented, the question here raised involves a construction of the amendment of 1937 to article 6, section 6, paragraph 2, of the constitution of Georgia. The amendment reads as follows: "The court of ordinary shall have jurisdiction to issue warrants, try cases, and impose sentence thereon in all misdemeanor cases arising under that act known as the Georgia State highway patrol act of 1937, and other traffic laws of the State in all counties of this State in which there is no city or county court, provided the defendant waives a jury trial. Like jurisdiction is also conferred upon the judges of the police courts of incorporated cities and municipal-court judges, for offenses arising within their respective jurisdiction." Ga. Code Ann., § 2-3402. Prior to the ratification of this amendment, the legislature had no power to confer jurisdiction over crimes against the State upon a court created for the trial of municipal offenses. *Grant* v. *Camp,* 105 *Ga.* 428 (31 S. E. 429). Therefore, whatever power the recorder's court of the City of Atlanta has to try misdemeanor cases involving a violation of the Georgia State highway patrol act, or other traffic laws, exists solely by virtue of this amendment. We are called upon to construe the words, "like jurisdiction," in this amendment. The question is: Did the constitutional amendment of 1937 confer upon the judges of police courts of incorporated cities and municipal-court judges jurisdiction over the class of misdemeanor cases mentioned in the amendment in all counties in the State without regard to whether there is a county or city court in the county? "In interpreting the provisions of a constitution, it is to be presumed that the words therein used were employed in their natural and ordinary meaning; and where a word has a technical as well as a popular meaning, the courts will generally accord to it its popular signification, unless the nature of the subject indicates, or the context suggests, that it is used in a technical sense. Constitutions are the result of popular will, and their words are to be understood ordinarily in the sense they convey to the popular mind. The presumption

is that the same meaning attaches to a given word or phrase wherever it occurs in a constitution; and where a word or phrase is used in one part of a constitution in a plain and manifest sense, it is to receive the same interpretation when used in every other part, unless it clearly appears, from the context or otherwise, that a different meaning should be applied to it." *Epping* v. *Columbus*, 117 *Ga.* 263 (43 S. E. 803).

The word "jurisdiction" is used three times in the amendment under consideration. In the first instance, the word is used in the sense of subject-matter, i. e., the class of misdemeanor cases over which the court of ordinary shall have jurisdiction; and, in the last instance, in the sense of territorial limitation. In the first instance, jurisdiction as to the subject-matter is conferred on courts of ordinary, *but* with a restriction and proviso: first, jurisdiction of the class of misdemeanor cases referred to is limited to counties having no city or county court; and, second, the defendant must waive a jury trial. As used the second time in the amendment, the word "jurisdiction" in the phrase, "like jurisdiction," also refers to subject-matter. Was it the intention of the framers of the constitutional amendment to confer upon judges of police courts powers as to the subject-matter without the same restrictions as are imposed on courts of ordinary? We do not think so. "Webster defines the word 'like' as 'having the same, or nearly the same appearance, qualities, or characteristics; resembling; similar to.'" *State Revenue Commission* v. *National Biscuit Co.*, 179 *Ga.* 90, 105 (175 S. E. 368), and cit. It is our conclusion that the framers of the amendment intended to confer jurisdiction as to the subject-matter upon police courts with the same restrictions as were imposed upon courts of ordinary. Certainly the framers of the amendment did not intend to confer jurisdiction of the subject-matter on police courts without the proviso as to a waiver of a trial by jury. If it were intended that this limitation should be imposed on police courts, then we do not feel that we can arbitrarily say the first limitation did not also apply. Either all or none of the limitations are imposed on police courts.

In their brief counsel for the plaintiff in error state that the framers of the amendment could "have clearly evidenced an intent to put police courts and municipal-court judges of incor-

porated cities in which there was no city or county courts in the same class as the court of ordinary," by a transposition of words, so that the amendment would read: "In all counties of this State in which there is no city or county court, the court of ordinary shall have jurisdiction to issue warrants," etc. The transposition of the phrase limiting jurisdiction *might* have made the intention clearer, but we think that in this instance it matters not whether the phrase immediately precedes or follows the subject-matter of jurisdiction. If the framers of the amendment intended that police courts should have jurisdiction of certain misdemeanor cases in all counties of the State without regard to whether there is a city or county court in the county, that intention could have been shown clearly by having the last sentence of the amendment read: "Like jurisdiction, regardless of whether there is a city or county court in the county, is also conferred."

"In placing a construction on a constitution or any clause or part thereof, a court should look to the history of the times and examine the state of things existing when the constitution was framed and adopted, in order to ascertain the prior law, the mischief, and the remedy. A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing laws and with reference to them. Constitutions, like statutes, are properly to be expounded in the light of conditions existing at the time of their adoption." 11 Am. Jur. 676, § 63. What were the circumstances and conditions existing at the time of the adoption of the amendment now being construed? This amendment was proposed just after the adoption and approval of the Georgia State highway patrol act (Ga. L. 1937, p. 322), which created a new State police force, charged with the enforcement of traffic laws throughout the State. The act created new offenses incident to the operation of automobiles. At the time the State highway patrol law was enacted, ordinarily only the superior, city, and county courts had jurisdiction of misdemeanor cases. *Grant* v. *Camp,* supra. Evidently the framers of the amendment recognized the need of speedily disposing of misdemeanor cases under the Georgia State highway patrol act, and other traffic laws, and recognized the fact that in many counties of the State there are no city or county courts, and misdemeanor

cases must be disposed of in the superior courts. Consequently, in those counties having no city or county court, considerable delay might be necessary in disposing of this class of misdemeanor cases, while, in counties having city or county courts, charges could be preferred upon an accusation and the offender given a speedy trial. By conferring upon the courts of ordinary and judges of police courts of incorporated cities and municipal-court judges jurisdiction over this class of misdemeanor cases in counties having no city or county court, the delay in such counties necessitated in disposing of this class of misdemeanor cases could be obviated. We do not believe that the framers of the amendment intended to confer upon either of the courts unlimited jurisdiction.

The recorder's court of the City of Atlanta was without jurisdiction; and therefore the judgment of conviction was void. The trial court committed no error in releasing the petitioner.

*Judgment affirmed. All the Justices concur.*