GIBSON, Superintendent of Prisons, etc., *v.* GOBER.

No. 16473.   FEBRUARY 14, 1949.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiff in error.

*Frank Grizzard* and *Frank A. Bowers,* contra.

HEAD, Justice. In the brief of counsel for the plaintiff in error it is stated: "It is apparent . . that the sole question involved in this appeal is: was there a city or ·county court in Fulton County, Georgia, at the time of this trial within the meaning of the constitutional provision [Constitution, art. 6, sec. 6, par. 2; Code, Ann., § 2-4102]?" This constitutional provision is in part as follows: "The court of ordinary shall have jurisdiction to issue warrants, try cases, and impose sentences thereon in all misdemeanor cases arising under the act known

as the Georgia State Highway Patrol Act of 1937, and other traffic laws, . . in all counties of this State in which there .is no city or county court, provided the defendant waives a jury trial. Like jurisdiction is also conferred upon the judges of the police courts of incorporated cities and municipal court judges for offense arising under the act known as the Georgia State Highway Patrol Act of 1937, and other traffic laws of the State within their respective jurisdiction."

Prior to the ratification (on June 8, 1937) of the constitutional amendment known as the Georgia State Highway Patrol Act of 1937 (Ga. L. 1937, pp. 1116-1118, approved March 30, 1937), judges of police courts and municipal courts did not have any jurisdiction to try cases involving alleged violations of State laws. *Grant* v. *Camp,* 105 *Ga.* 428 (31 S. E. 429). At the time of the adoption of the constitutional amendment conferring jurisdiction upon the courts of ordinary and police judges or judges of municipal courts to try such offenses, there existed in the City of Atlanta the Criminal Court of Fulton County, having jurisdiction to try all misdemeanor cases arising in the City of Atlanta in Fulton County. See Ga. L. 1891, p. 935; Ga. L. 1935, p. 498. If the Criminal Court of Fulton County has been ousted of jurisdiction to try misdemeanor cases for alleged violations of law upon the highways of Fulton County, such ouster of jurisdiction results only from the constitutional amendment conferring jurisdiction upon courts of ordinary and police judges or municipal court judges to try misdemeanor cases arising upon the highways in certain counties of this State.

The jurisdiction conferred upon ordinaries and municipal court judges is limited to those counties "in which there is no city or county court." The plaintiff in error apparently relies in this case upon the theory that the Criminal Court of Fulton County is not a "county court" within the contemplation of the constitutional amendment of 1937. This position is untenable. While it is· true that the Criminal Court of Fulton County was not created under provisions of the acts of 1871-72 (p. 288), and 1878-1879 (p. 132), providing for the creation of county courts upon the recommendation of grand juries, it is nonetheless a valid court, with jurisdiction in all misdemeanor cases in the county. *Welborne* v. *Donaldson,* 115 *Ga.* 563 (41 S. E. 999).

As stated by Mr. Justice Wyatt in *Clarke* v. *Johnson*, 199 *Ga.* 163, 167 (33 S. E. 2d, 425), it was the evident purpose of the amendment conferring jurisdiction upon courts of ordinary and police courts or municipal court judges, in cases arising under the Georgia State Highway Patrol Act, to provide courts (where none existed) other than the superior courts of this State for the disposition of charges arising under such act in order that persons charged with misdemeanor violations upon the highways might be given a speedy trial. It was not the purpose of the amendment to divest existing courts of jurisdiction in such cases, or to transfer jurisdiction from existing courts to another court not having such jurisdiction prior to the amendment. Under the ruling in *Clarke* v. *Johnson,* supra, the Recorder's Court of the City of Atlanta was without jurisdiction, and the judgment of conviction being void, it was not error for the judge of the superior court to order the petitioner's release.

*Judgment affirmed. All the Justices concur.*