19144. CITY OF ATLANTA *v.* LANDERS *et al.*
19153. ROGERS *v.* LANDERS *et al.*
19154. LANDERS *v.* CITY OF ATLANTA.

ARGUED OCTOBER 11, 1955—DECIDED NOVEMBER 15, 1955—
REHEARING DENIED NOVEMBER 29, 1955.

*Hoke Smith, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland, Newell Edenfield,* for City of Atlanta.

*Haas, Holland & Blackshear, M. H. Blackshear, Jr.,* for R. Earl Landers.

*Frank Grizzard, F. L. Breen, Marvin O'Neal, J. Hugh Rogers, Barrett & Hayes, Norman Fudge,* for J. Hugh Rogers.

*James R. Venable, John L. Respess,* for Carl Garmon.

HAWKINS, Justice. (After stating the foregoing facts.) The trial judge in the final judgment dealt specifically with only three of the constitutional attacks as set out in counts 1, 4, and 9 of the petition, and held the act to be invalid because in conflict with and violative of the following provisions of the Constitution: Article 6, section 1, paragraph 1 (Code, Ann., § 2-3601), which provides that "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, Superior Courts, Courts of Ordinary, Justices of the Peace, Notaries Public who are ex-officio Justices of the Peace, and such other Courts as have been or may be *established by law*" (italics ours) ; Article 3, section 7, paragraph 20 (Code, Ann., § 2-1920), which provides that "The General Assembly shall have the power to make all laws consistent with this Constitution"; and Article 3, section 1, paragraph 1 (Code, Ann., § 2-1301), which provides that "The legislative

power of the State shall be vested in a General Assembly which shall consist of a Senate and House of Representatives." The trial court dealt exhaustively with these questions in its able opinion, and we are of the opinion that its conclusions are correct.

That the only courts with authority or jurisdiction under our Constitution to try "State cases," or persons charged with the violation of State laws, are State courts, is firmly established by the previous decisions of this court. *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857) ; *Clarke* v. *Johnson*, 199 *Ga.* 163 (33 S. E. 2d 425) ; *Gibson* v. *Gober*, 204 *Ga.* 714 (51 S. E. 2d 664) ; *Jenkins* v. *Jones*, 209 *Ga.* 758 (75 S. E. 2d 815) ; *Grant* v. *Camp*, 105 *Ga.* 428 (31 S. E. 429). That State courts are only those which "may be established by law," that the General Assembly alone "shall have power to make all laws consistent with this Constitution," and that "the legislative power of the State shall be vested in a General Assembly," is firmly fixed by the foregoing provisions of the Constitution, and that this power cannot be delegated is likewise settled beyond doubt. *Bennett* v. *City of Baxley*, 149 *Ga.* 275 (99 S. E. 864) ; *Phillips* v. *City of Atlanta*, 210 *Ga.* 72 (77 S. E. 2d 723). As we interpret the constitutional provisions hereinbefore quoted, and the decisions of this court hereinbefore cited, the trial of State cases is a function of the State, this court having held in *Strauss* v. *Mayor &c. of Waycross*, 97 *Ga.* 475 (25 S. E. 329), that municipal corporations have no right to inflict punishment for violations of the criminal laws of this State. The creation of State courts is a sovereign State function, and they can be created only by the General Assembly, and the creation of such courts involves the appointment or the selection of the judges and of the necessary court officers, and this phase of the creation of the court is likewise a function of the State and cannot be delegated by the General Assembly to a lesser governmental unit of the State (*Mosley* v. *Garrett*, 182 *Ga.* 810, 816, 187 S. E. 20), and certainly not to municipal corporations which are not incorporated as agencies for the execution of State functions, but are municipal corporations which "have special duties and special privileges regulated by the charter of each . . . and their charters may be forfeited, or lost by non-user and the judgments of courts." *Dent* v. *Cook*, 45 *Ga.* 323, 326. The act under consideration provides that the court to be created shall be known

as the traffic court of the city; that the chief judge and all associate judges shall be appointed by the mayor and approved by the city council; that the number of associate judges shall be determined by the municipal authorities; that the oath of office shall be administered by and filed with the municipal authorities; that the municipal authorities shall decide the number of divisions of the court; that they shall determine the places where the court sits; that the municipal authorities shall provide court-rooms and offices for the court; that the accusations charging persons with violations of the State law may be signed by the solicitor or assistant solicitor or by the chief of police or any member of the police department of such city; that the city police are constables of the court and authorized to serve all processes and orders of such courts to them directed; that the chief of police has approval of the appointment by the chief judge of city policemen as special bailiffs of the court; that the chief of police may remove bailiffs of the court; compensation of bailiffs is fixed by the city authorities; all moneys arising from fines or forfeitures are paid into the city treasury; the municipality provides all clerical and other employees for the operation of the court, and the city authorities appoint the clerk and deputies and fix their salaries; the clerk gives bond payable to the city; the city authorities appoint the solicitor; city authorities determine the number of and appoint assistant solicitors; city authorities fix the salaries of the assistant solicitors; jurors are selected only from the city; territorial jurisdiction is coextensive with the territorial limits of the city. Applying to this act the fundamental constitutional provisions and well-established decisions of this court hereinbefore quoted and cited, the conclusion is demanded that the courts here sought to be provided for are municipal courts, and not State courts, and, as said by this court in *Grant* v. *Camp*, supra, the legislature has no power to establish a municipal court, or police court, and make it subordinate to the will of the municipal authorities, and at the same time to confer upon it jurisdiction to try offenses against the State when committed within the limits of the municipal corporation. In De Silvia *v*. State, 88 Texas Cr. R. 634 (229 S. W. 542 (4)), it is said: "The Legislature has no right to delegate to a municipal corporation authority to control the organization of courts spe-

cially committed to the Legislature." From a reading of the entire act, it seems to us that the conclusion is inescapable that the primary object sought to be accomplished is to place in the treasury of the municipalities coming within the classification therein provided the revenues arising from fines and forfeitures imposed upon those convicted or charged with violating State traffic laws, many of whom are arrested by city police officers for violations within the corporate limits of the municipality. State courts are not created for financial gain. They are a necessary branch of government for the protection of life, liberty, and property, and the cost of enforcement of State law cannot be considered in the administration of justice. All forms of government for the protection of society are expensive, and the burden of maintaining them is laid upon the citizen and his property by taxation. *McWilliams* v. *Smith*, 142 *Ga.* 209, 221 (82 S. E. 569).

The trial court properly held that the act here involved is unconstitutional as violative of the constitutional provisions hereinbefore quoted.

*Judgment affirmed on the main bill of exceptions; cross-bills of exception dismissed. All the Justices concur.*