37052.   HANNAH *v.* THE STATE.

DECIDED FEBRUARY 18, 1958.

*O L Collins*, for plaintiff in error.

*W. D. Lanier, Solicitor, Eugene M. Kerr, Assistant Solicitor,* contra.

GARDNER, Presiding Judge. If the Recorder's Court of the City of Augusta had legal authority to try the defendant, the City Court of Richmond County had no authority to try him again for the same offense. The Constitution of Georgia (Ga. L. 1937, p. 1116; Code, Ann., § 2-4102), omitting the part referring to ratification, reads as follows: "The courts of ordinary shall have such powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county funds, county taxes and other county matters as may be conferred on them by law.

"The court of ordinary shall have jurisdiction to issue warrants, try cases, and impose sentences thereon in all misdemeanor cases arising under the Act known as the Georgia State Highway Patrol Act of 1937, and other traffic laws, and in all cases arising under the Compulsory School Attendance law in all counties of this State in which there is no city or county court, provided the defendant waives a jury trial. *Like jurisdiction* is also conferred upon the judges of the police courts of incorporated cities and municipal court judges for offense arising under the Act known as the Georgia State Highway Patrol Act of 1937, and other traffic laws of the State within their respective jurisdiction." (Italics ours.) With reference to this provision of the Constitution of Georgia, the Supreme Court in *Clarke* v. *Johnson*, 199 *Ga.* 163 (33 S. E. 2d 425) said in the headnote: "The amendment of 1937 to article 6, section 6, paragraph 2, of the Constitution of Georgia . . . confers upon judges of police courts of incorporated cities and municipal-court judges jurisdiction to try misdemeanor cases arising under the act known as the Georgia State Highway Patrol Act of 1937 only in those counties in which there is no city or county court." Then the court elaborated further as follows: "We are called upon to construe the words, 'like jurisdiction', in this amendment. The question is: Did the constitutional amendment of 1937 confer upon the judges of police courts of incorporated cities and municipal-court judges juris-

diction over the class of misdemeanor cases mentioned in the amendment in all counties in the State without regard to whether there is a county or city court in the county? 'In interpreting the provisions of a constitution, it is to be presumed that the words therein used were employed in their natural and ordinary meaning; and where a word has a technical as well as a popular meaning, the courts will generally accord to it its popular signification, unless the nature of the subject indicates, or the context suggests, that it is used in a technical sense. Constitutions are the result of popular will, and their words are to be understood ordinarily in the sense they convey to the popular mind. The presumption is that the same meaning attaches to a given word or phrase wherever it occurs in a constitution; and where a word or phrase is used in one part of a constitution in a plain and manifest sense, it is to receive the same interpretation when used in every other part, unless it clearly appears, from the context or otherwise, that a different meaning should be applied to it'. *Epping* v. *Columbus*, 117 *Ga.* 263 (43 S. E. 803).

"The word 'jurisdiction' is used three times in the amendment under consideration. In the first instance, the word is used in the sense of subject matter, i. e., the class of misdemeanor cases over which the court of ordinary shall have jurisdiction; and, in the last instance, in the sense of territorial limitation. In the first instance, jurisdiction as to the subject matter is conferred on courts of ordinary, *but* with a restriction and proviso; first, jurisdiction of the class of misdemeanor cases referred to is limited to counties having no city or county court; and, second, the defendant must waive a jury trial. As used the second time in the amendment, the word 'jurisdiction' in the phrase, 'like jurisdiction', also refers to subject matter. Was it the intention of the framers of the constitutional amendment to confer upon judges of police courts powers as to the subject matter without the same restrictions as are imposed on courts of ordinary? We do not think so . . . It is our conclusion that the framers of the amendment intended to confer jurisdiction as to the subject matter upon police courts with the same restrictions as were imposed upon courts of ordinary. Certainly the framers of the amendment did not intend to confer jurisdiction of the subject matter on police courts without the proviso as to a waiver of a

trial by jury. If it were intended that this limitation should be imposed on police courts, then we do not feel that we can arbitrarily say the first limitation did not also apply. Either all or none of the limitations are imposed on police courts . . . If the framers of the amendment intended that police courts should have jurisdiction of certain misdemeanor cases in all counties of the State without regard to whether there is a city or county court in the county, that intention could have been shown clearly by having the last sentence of the amendment read: 'Like jurisdiction, regardless of whether there is a city or county court in the county, is also conferred.' . . . Evidently the framers of the amendment recognized the need of speedily disposing of misdemeanor cases under the Georgia State Highway Patrol Act, and other traffic laws, and recognized the fact that in many counties of the State there are no city or county courts, and misdemeanor cases must be disposed of in the superior courts. Consequently, in those counties having no city or county court, considerable delay might be necessary in disposing of this class of misdemeanor cases, while, in counties having city or county courts, charges could be preferred upon an accusation and the offender given a speedy trial. By conferring upon the courts of ordinary and judges of police courts of incorporated cities and municipal-court judges jurisdiction over this class of misdemeanor cases in counties having no city or county court, the delay in such counties necessitated in disposing of this class of misdemeanor cases could be obviated."

The Supreme Court went extensively into the matter of jurisdiction of courts in cases of this type in *City of Atlanta* v. *Landers*, 212 *Ga.* 111, 113 (90 S. E. 2d 583) in the following language: "That the only courts with authority or jurisdiction under our Constitution to try 'State cases', or persons charged with the violation of State laws, are State courts, is firmly established by the previous decisions of this court. *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Clarke* v. *Johnson*, 199 *Ga.* 163 (33 S. E. 2d 425); *Gibson* v. *Gober*, 204 *Ga.* 714 (51 S. E. 2d 664); *Jenkins* v. *Jones*, 209 *Ga.* 758 (75 S. E. 2d 815); *Grant* v. *Camp*, 105 *Ga.* 428 (31 S. E. 429) . . . As we interpret the constitutional provisions hereinbefore quoted, and the decisions of this court hereinbefore cited, the trial of State cases is a function of

the State, . . The creation of State courts is a sovereign State function, and they can be created only by the General Assembly, and the creation of such courts involves the appointment or the selection of the judges and of the necessary court officers, and this phase of the creation of the court is likewise a function of the State and cannot be delegated by the General Assembly to a lesser governmental unit of the State (*Mosley* v. *Garrett*, 182 *Ga.* 810, 816, 187 S. E. 20), . . . the legislature has no power to establish a municipal court, or police court, and make it subordinate to the will of the municipal authorities, and at the same time to confer upon it jurisdiction to try offenses against the State when committed within the limits of the municipal corporation."

Under the authority of *Clarke* v. *Johnson*, 199 *Ga.* 163, supra, and *City of Atlanta* v. *Landers*, 212 *Ga.* 111, supra, it follows that there can be no exceptions to the Constitutional amendment of 1937 except by another Constitutional amendment, such as the amendment of 1956 concerning the creation of traffic courts in certain counties. See Ga. L. 1956, p. 415. The Recorder's Court of the City of Augusta is not so included. However, there may be apparent exceptions, but there is a difference. For instance, where a defendant is tried and convicted in a municipal court for a traffic offense it is frequently contended that the court had jurisdiction because the defendant was not tried directly for violation of State law but for violation of a city ordinance containing identical or similar provisions as the State law. Here the rule is firmly established that a municipality may not, in the absence of express authority, invade a subject matter pre-empted by State law, and an ordinance attempting to make a municipal offense that which is already a State offense, or which thereafter becomes a State offense, is void. *Strauss* v. *Mayor &c. of Waycross*, 97 *Ga.* 475 (25 S. E. 329); *Moran* v. *City of Atlanta*, 102 *Ga.* 840 (30 S. E. 298); *Reid* v. *Perkerson*, 207 *Ga.* 27 (5) (60 S. E. 2d 151). In *Littlejohn* v. *Stells*, 123 *Ga.* 427, 429 (51 S. E. 390) it was held that such an ordinance is void in the absence of statutory authority to enact it, the opinion stating: "But [a municipality] may authorize the punishment of an act as a city offense which would also be a State offsense, provided the terms of the act conferring the authority are clear and unequivocal and manifest a

legislative intent to confer authority for the punishment of such act." To the same effect see *Hood* v. *Von Glahn,* 88 *Ga.* 405 (14 S. E. 564). On the other hand the cases of *Giles* v. *Gibson,* 208 *Ga.* 850 (69 S. E. 2d 774); *Jenkins* v. *Jones,* 209 *Ga.* 758 (75 S. E. 2d 815), and *Beard* v. *City of Atlanta,* 91 *Ga. App.* 584 (86 S. E. 2d 672) have held or indicated that such an ordinance would be void even in the face of express legislative authority to enact it because in violation of Art. I, Sec. IV, Par. I (Code, Ann., § 2-401) providing that no special law shall be enacted in any case for which provision has been made by an existing general law.

The decision in *Dodd* v. *State,* 85 *Ga. App.* 589 (69 S. E. 2d 784) has been questioned on the basis of what is said herein; if Dodd was tried in the·Recorder's Court of Baldwin in Habersham County on the State offense of drunk driving the conviction was void for lack of jurisdiction in the court to try State offenses, since there was in existence a City Court of Habersham County. If, on the other hand, Dodd was tried for drunk driving under a city ordinance substantially similar to the State offense, the court had jurisdiction, but the conviction was illegal because the municipality had no authority to enact an ordinance on a subject matter covered by State law.

Since the rendition of all the above cited decisions, our legislature has undertaken as a part of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 557; Code, Ann., Chapters 68-15 through 68-17) to confer on municipalities express statutory authority to enact such ordinances as follows: Code (Ann.) § 68-1680. "Cities and local authorities may adopt traffic regulations which are not in conflict with the provisions of this law . . . and may, in order to insure complete uniformity and to expedite enforcement, adopt all or such portions of this law as to them may seem appropriate as city ordinances for such cities, and the recorder or city judge may punish violations thereof by fines not to exceed those set forth in this law, and by sentences within the limits of the respective city charters: Provided, however, that if the offense charged constitutes a violation of any provision of this law, and the defendant elects to have the charge treated as a state offense and waives

commitment, the recorder or city judge shall summarily fix his bond and bind his case over to the appropriate state tribunal." Code (Ann.) § 68-1681 provides in part: "No person tried in any court for a violation of this law, . . . or any municipal ordinance adopted pursuant thereto, shall thereafter be tried in any court for the same offense. A conviction for the violation of an ordinance adopted pursuant to this law shall be considered a prior conviction for all purposes under this law." Another part of the same act (Code, Ann., § 68-1625) makes the operation of a motor vehicle by a person under the influence of intoxicating liquor a penal offense.

It follows that in the case presently under consideration, if Hannah was, prior to his trial in the City Court of Richmond County, convicted in the Recorder's Court of the City of Augusta for the *same offense* (that is, violation of a State penal statute) the municipal court was without jurisdiction and the conviction is void and cannot form the basis of a plea of autrefois convict. If, on the other hand, he was convicted in the Recorder's Court for the violation of a city ordinance, such ordinance would be valid if its language was such as to bring it within the authorization of Code (Ann.) § 68-1680, at least in the absence of any attack on the constitutionality of the statute. The plea of autrefois convict in this case fails to state whether the defendant was convicted in the recorder's court under a State statute or a municipal ordinance. If under an ordinance, the plea fails to set out the ordinance and it is therefore too indefinite to raise any question for decision on this issue. *Howell* v. *State,* 13 *Ga. App.* 74 (78 S. E. 859). The court heard the plea without evidence other than a stipulation that "defendant had been tried previously in the Recorder's Court of the City of Augusta, Georgia, for an offense of driving under the influence" at a time when the City Court of Richmond County was in existence. In the absence of a showing that he was there convicted for a municipal rather than a State offense, the defendant utterly failed to prove a prior valid conviction which would operate as res judicata.

The Recorder's Court of the City of Augusta had no legal authority to try and convict the defendant for an offense against the State criminal laws. This was within the jurisdiction of the City Court of Richmond County. It follows that the trial in

the Recorder's Court was void and the defendant therefore was properly before the City Court of Richmond County forum.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*