## 26836. KEY v. STEWART.

Hawes, Justice. The appellant was convicted in one trial of thirteen separate offenses charging him with the violation of various ordinances of the City of Albany. He was sentenced to combined terms of imprisonment and/or to pay fines in specified amounts on each separate offense upon which he was convicted. He applied to the Superior Court of Dougherty County for a writ of habeas corpus which was granted, and upon the trial thereof he was remanded to the custody of the sheriff. He appeals and the sole contention which he makes before this court is that he was entitled to be tried by a jury in view of the fact that the maximum punishment which could have been imposed upon him on the thirteen charges of which he was convicted would have been 60 days, or $200, or

both, on each charge, and that the defendant thus faced a total possible maximum cumulative punishment of 780 days in jail, or $2,600 fine or both, which rendered the offenses of which he was convicted serious offenses rather than petty offenses. There is no merit in this contention. This court has consistently held that the constitutional guarantee of a right to a trial by a jury does not extend to one charged in a municipal court with violation of a municipal ordinance. *Hill v. Mayor &c. of Dalton*, 72 Ga. 314, 318; *Littlejohn v. Stells*, 123 Ga. 427 (2) (51 SE 390); *Pearson v. Wimbish*, 124 Ga. 701 (52 SE 751, 4 AC 501); *Duren v. City of Thomasville*, 125 Ga. 1 (1) (53 SE 814); *Loeb v. Jennings*, 133 Ga. 796, 805 (67 SE 101, 18 AC 376). The fact that the cumulative punishment which could have been inflicted upon the appellant was in excess of six months imprisonment and that he was tried at one time on multiple charges does not operate to convert the multiple offenses with which he was charged from multiple petty offenses to one serious offense, thus, as he contends, placing the trial within the constitutional guarantee of the right to a jury trial. Rulings of the U. S. Circuit Court of Appeals made in another context are not binding on this court and do not require a decision different from that which we now make.

*Judgment affirmed. All the Justices concur.*
ARGUED NOVEMBER 8, 1971—DECIDED JANUARY 6, 1972.

*Smith, Gardner, Wiggins, Geer & Brimberry, Charles F. Hatcher*, for appellant.

*Robert W. Reynolds, District Attorney, Landau, Davis & Farkas, James V. Davis*, for appellee.