33767. THE STATE v. MILLWOOD.

MARSHALL, Justice.

The appellee was apprehended by City of Gainesville police on September 8, 1977, and found in possession of less than one ounce of marijuana. He was charged in municipal court in the City of Gainesville with violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). The appellee requested that the case be transferred to state court, where he could obtain a jury trial.[1] Once in state court, the appellee filed a

---

[1]The constitutional right to a jury trial does not extend to one charged in a municipal court with violation of a municipal ordinance. *Key v. Stewart,* 228 Ga. 516 (186 SE2d 739) (1972) and cits.

motion to quash the accusation against him on the ground that the statute providing for a transfer of cases involving less than one ounce of marijuana from municipal court to state court is unconstitutional. The trial court agreed and entered an order quashing the accusation. The state appeals. *Held:*

Code Ann. § 79A-9917 (Ga. L. 1976, pp. 1083, 1084) provides, in pertinent part, that:

"Notwithstanding any other provision of law to the contrary, any person who is charged with the possession of one ounce or less of marijuana may be tried in any recorder's, mayor's or police courts of any municipality if the offense occurred within the corporate limits of such municipality. Such courts are hereby granted the jurisdiction to try and dispose of such cases. The jurisdiction of such courts shall be concurrent with the jurisdiction of any other courts within the county having jurisdiction to try and dispose of such cases. Any fines and forfeitures arising from the prosecution of such cases shall be retained by the municipality and shall be paid into the treasury of such municipality. Any defendant charged with possession of an ounce or less of marijuana in a recorder's, mayor's or police court shall be entitled on request to have the case against him transferred to the court having general misdemeanor jurisdiction in the county wherein the alleged offense occurred.

"Nothing herein shall be construed to give any municipality the right to impose a fine or punish by imprisonment in excess of the limits as set forth in the municipality's charter."

The appellee argues, and the trial court found, that this statutory scheme is unconstitutional because, in order to obtain a jury trial in state court, the accused must open himself up to the possibility of receiving harsher punishment.[2] The trial court ruled that this placed an

---

[2] The maximum punishment the appellee could have received in municipal court in Gainesville was a $500 fine and/or 90 days' imprisonment. In state court, the appellee could receive full misdemeanor punishment for possession of less than one ounce of marijuana, which is

impermissible burden on the free exercise by the accused of his constitutional right to a jury trial.[3]

We find the statute unconstitutional for a different reason. We find the statute to be unconstitutional insofar as it attempts to vest jurisdiction in municipal courts to try offenses against the state. This the General Assembly cannot do. "That the only courts with authority or jurisdiction under our Constitution to try 'State cases,' or persons charged with the violation of State laws, are State courts, is firmly established by the previous decisions of this court. *Welborne v. State,* 114 Ga. 793 (40 SE 857); *Clarke v. Johnson,* 199 Ga. 163 (33 SE2d 425); *Gibson v. Gober,* 204 Ga. 714 (51 SE2d 664); *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815); *Grant v. Camp,* 105 Ga. 428 (31 SE 429)." *City of Atlanta v. Landers,* 212 Ga. 111, 113 (90 SE2d 583) (1955). We, therefore, do not reach the question of whether the previously cited provisions of Code Ann. § 79A-9917 are unconstitutional for the reasons assigned by the trial court.

Given this disposition of the case, it becomes increasingly clear that the statute's unconstitutionality provides no reason for quashing the accusation against the appellee in state court. He is, at his own request, in the appropriate forum. The fact that the charges were initially brought against him in municipal court would not bar subsequent proceedings against him in state court on double jeopardy grounds, since municipal court lacked jurisdiction of the case. Code Ann. § 26-507 (d) (Ga. L. 1968, pp. 1249, 1267); *Brown v. State,* 79 Ga. 324 (4 SE 861) (1887).

The judgment of the trial court is therefore affirmed,

---

one-year's imprisonment and/or $1,000 fine. Code Ann. § 79A-9917.

[3]Compare, United States v. Jackson, 390 U. S. 570 (88 SC 1209, 20 LE2d 138) (1968), wherein the Supreme Court of the United States held that a provision of the Federal Kidnapping Act, which authorized imposition of the death penalty only at jury trials, was unconstitutional because it placed an impermissible burden on the free exercise by the defendant of his Sixth Amendment right to a jury trial.

insofar as it rules that the previously cited provisions of the statute are unconstitutional, and reversed, insofar as it orders that the accusation against the appellee in state court be quashed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 27, 1978.

*Douglas E. Smith, Solicitor,* for appellant.
*Charles W. Smith, Jr.,* for appellee.
*Steven P. Gilliam,* amicus curiae.