## S90A0137. KOLKER v. THE STATE.
(391 SE2d 391)

FLETCHER, Justice.

The Court of Appeals transferred this case, *Kolker v. State*, 193 Ga. App. 306 (387 SE2d 597) (1989), to us on the ground that it involves a construction of the state constitution and is thus within this Court's exclusive appellate jurisdiction. Art. VI, Sec. VI, Par. II (1) of the Ga. Const. of 1983. We agree.

Presented for decision are perennial issues of Georgia law concerning the extent to which the General Assembly is authorized to vest municipal courts with jurisdiction preempting enforcement of state criminal laws in state courts. Such a preemption exists in two contexts.

The first is where the legislature vests municipalities with the power to enact municipal ordinances on the same subject matters as those covered by state criminal laws. See *Burroughs v. State*, 246 Ga. 393 (271 SE2d 629) (1980); *Waller v. Florida*, 397 U. S. 387 (90 SC 1184, 25 LE2d 435) (1970). In the seminal decision of *Hood v. Von*

---

*Glahn,* 88 Ga. 405 (14 SE 564) (1891), it was held that in regard to matters of local concern the legislature may, through an express delegation of legislative authority, vest municipalities with such power. Accord *Gordon v. Green,* 228 Ga. 505 (186 SE2d 719) (1972).

In addition, enforcement of state criminal laws in state courts is preempted when the legislature vests municipal courts with jurisdiction over the prosecution of state criminal laws. It has been consistently held — at least in the absence of state constitutional authorization, see *Hannah v. State,* 97 Ga. App. 188, 192 (102 SE2d 624) (1958); *Grant v. Camp,* 105 Ga. 428 (31 SE 429) (1898) — that:

> This the General Assembly cannot do. "That the only courts with authority or jurisdiction under our Constitution to try 'State Cases,' or persons charged with the violation of State laws, are State courts, is firmly established by the previous decisions of this court. *Welborne v. State,* 114 Ga. 793 (40 SE 857); *Clarke v. Johnson,* 199 Ga. 163 (33 SE2d 425); *Gibson v. Gober,* 204 Ga. 714 (51 SE2d 664); *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815); *Grant v. Camp,* 105 Ga. 428 (31 SE 429)." *City of Atlanta v. Landers,* 212 Ga. 111, 113 (90 SE2d 583) (1955). [*State v. Millwood,* 242 Ga. 244, 246 (248 SE2d 643) (1978).]

In an amendment to the Georgia State Highway Patrol Act of 1937, see *Clarke v. Johnson,* 199 Ga. 163 (33 SE2d 425) (1945), the General Assembly enacted legislation vesting municipal courts with jurisdiction over state misdemeanor traffic violations. Ga. L. 1937-38, Ex. Sess., p. 558, §§ 1-3 (codified at OCGA § 40-13-21 (a)). Such jurisdiction would appear to be unconstitutional under *Clarke v. Johnson,* 199 Ga. 163, supra, and *Hannah v. State,* 97 Ga. App., supra at 192. See *Kolker v. State,* 193 Ga. App. at 307.

The question for decision in this case is whether Art. VI, Sec. I, Par. I of the 1983 Georgia Constitution is properly construed as granting the General Assembly the authority to vest municipal courts with jurisdiction over state criminal laws, thereby breathing constitutional life into OCGA § 40-13-21 (a). Art. VI, Sec. I, Par. I provides:

> *The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court.* Magistrate courts, probate courts, juvenile courts, and state courts shall be courts of limited jurisdiction. In addition, the General Assembly may establish or authorize the establishment of municipal courts and may authorize administrative agencies to

exercise quasi-judicial powers. *Municipal courts shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law.* Except as provided in this paragraph and in Section X, municipal courts, county recorder's courts and civil courts in existence on June 30, 1983, and administrative agencies shall not be subject to the provisions of this article. [Emphasis supplied.]

As recognized by the Court of Appeals in this case:

[T]he issue to be determined in the instant case is whether the language of Art. VI, Sec. I, Par. I of the Georgia Constitution of 1983 which provides that municipal courts are authorized to exercise "such other jurisdiction as provided by law" is properly construed as being an *exception to* or as being *limited* by the constitutional grant, in that same paragraph, of the judicial power of the state exclusively to courts other than municipal courts. Municipal courts are either constitutionally authorized to exercise "such other jurisdiction as provided by law" *including* jurisdiction over state traffic offenses as provided by OCGA § 40-13-21 (a) or, notwithstanding the provisions of OCGA § 40-13-21 (a), they are constitutionally authorized to exercise "such other jurisdiction as provided by law" *except* jurisdiction over state offenses. [Emphasis in original.] [*Kolker v. State*, supra, 193 Ga. App. at 308.] *Held*:

Notwithstanding the textual ambiguity noted by the Court of Appeals, we conclude that in providing that "[m]unicipal courts shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law," Art. VI, Sec. I, Par. I authorizes the General Assembly to vest municipal courts with jurisdiction over state misdemeanor offenses. See Art. VI, Sec. IV, Par. I of the Ga. Const. of 1983 (vesting superior courts with exclusive jurisdiction over felony offenses, except in the case of juvenile offenders as provided by law).

For the following reasons, we hold that this is the only logical interpretation of the constitutional provision under review: Within the meaning of the law of municipal corporations, the term "ordinance" is used to designate those laws, both penal and regulatory, promulgated by a municipality. See McQuillin, 5 Municipal Corporations, § 16 et seq. (3d ed. 1989); Yokley, 1 Municipal Corporations, § 82 et seq. (1956); Antieau, 3 Municipal Corporation Law, § 26.02 (1989). Thus, where Art. VI, Sec. I, Par. I provides that municipal courts "shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law," this necessarily means that

municipal courts shall have jurisdiction "as provided by law" over laws other than those laws promulgated by a municipality. Of necessity, the only laws that municipal courts could be given jurisdiction over other than municipal laws would be state statutes or county ordinances.

Although the present case involves the interpretation of a state constitutional provision, the following canon of statutory construction is apt: "A transposition of words and clauses may be resorted to when a sentence or clause is without meaning as it stands." OCGA § 1-3-1 (a).

In addition, the 1983 Constitution was ratified by the people of this State following its adoption by the legislature. See Ga. L. 1981, Ex. Sess., p. 143 et seq. In its adoption of Art. VI, Sec. I, Par. I, it can be presumed that the legislature was aware of the body of case law denying municipal courts jurisdiction over state misdemeanor offenses due to a lack of constitutional authorization. It can also be presumed that the legislature was aware of the need to expedite disposition of certain offenses which impose lesser sentences or penalties and which were crowding the dockets of state courts and superior courts in this State. See *Clarke v. Johnson,* supra. As held in *Clarke,* 199 Ga. at 166:

> "In placing a construction on a constitution or any clause or part thereof, a court should look to the history of the times and examine the state of things existing when the constitution was framed and adopted, in order to ascertain the prior law, the mischief, and the remedy. A constitutional provision must be presumed to have been framed and adopted in the light of and understanding of prior and existing laws and with reference to them. Constitutions, like statutes, are properly to be expounded in the light of conditions existing at the time of their adoption." 11 Am. Jur. 676, § 63.

Following the ratification of the 1983 Constitution, the General Assembly has enacted legislation vesting municipal courts with jurisdiction over various state misdemeanor offenses. See OCGA § 36-32-6 (marijuana possession cases involving one ounce or less); OCGA § 36 32-8 (operating a motor vehicle without a certificate of emission inspection under OCGA § 40-8-161); OCGA § 36-32-9 (a first or second offense of theft by shoplifting under OCGA § 16-8-14, when the property stolen is less than $100); OCGA § 36-32-10 (a first offense violation of OCGA § 3-3-23, relating to furnishing alcoholic beverages to, and purchase and possession of alcoholic beverages by a person under 21 years of age). See also OCGA § 36-32-7 (operating a motor vehicle

without insurance under OCGA § 33-34-12).

Since jury trials are not generally held in municipal courts, questions arise as to the propriety of granting jurisdiction of state misdemeanor offenses to municipal courts in view of the right to trial by jury contained in Art. I, Sec. I, Par. XI of the Ga. Const., as well as the Sixth Amendment to the U. S. Constitution. See generally McQuillin, 6 Municipal Corporations, § 23.01; Yokley, 1 Municipal Corporations, § 376.

However, this right has been protected in all of the previously cited Georgia statutory provisions, as each of these provisions grants to any defendant the right on request to have the case against him transferred to the court having general misdemeanor jurisdiction in the county where the alleged offense occurred; and the power of municipal courts to try and dispose of misdemeanor traffic offenses is conditioned upon the defendant's waiver of his right to a jury trial. OCGA § 40-13-21 (b); see also *State v. Millwood*, supra.

Separate and distinct issues under Art. VI, Sec. I, Par. I and Art. VI, Sec. X, Par. I (5) of the 1983 Georgia Constitution are presented in *Duncan v. State*, 185 Ga. App. 854 (366 SE2d 154) (1988), and we will not attempt to resolve those issues herein.

In 1985, the appellant in this case entered a plea of nolo contendere to a state misdemeanor DUI charge under OCGA § 40-6-391 in a municipal court. In this proceeding, the appellant challenges the validity of the conviction entered on this plea. The trial court rejected this challenge, and under our decision herein, the trial court was correct in so ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 11, 1990 —
RECONSIDERATION DENIED JUNE 8, 1990.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, George L. Kimbel, Assistant Solicitors,* for appellee.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General, Ralph T. Bowden, Jr., N. Jackson Cotney, Jr., Gary D. Bergman, Patrick H. Head, John G. Cicala, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Theresa F. Gilstrap, Walter E. Sumner,* amici curiae.