## A95A0712. RANGEL v. THE STATE.
### (456 SE2d 739)

BLACKBURN, Judge.

Appellant, Thomas Jesse Rangel, appeals from the trial court's order denying his plea in bar of prosecution upon the charge of simple battery in violation of OCGA § 16-5-23.1.

On July 14, 1994, Rangel and others were involved in a fight in Forest Park, Clayton County, Georgia. The police officer responding to the incident issued Rangel a Uniform Traffic Citation (UTC) charging him with "simple battery" in violation of "Section 16-5-23." However, the officer checked the "local ordinance" box thereon, indicating that the offense was violative of a local ordinance. Subsequently, Rangel was arrested, released on bond, and given a September 12, 1994, arraignment date in the State Court of Clayton County upon a two-count accusation charging him with the crime of "16-5-23.1 Battery." On August 24, 1994, Rangel appeared before the Municipal Court of Forest Park in accordance with instructions that he do so on the face of the UTC he had been given. The municipal court found Rangel not guilty of simple battery as set out on the UTC. Rangel argues his subsequent prosecution is barred. We do not agree.

Although "the General Assembly has enacted legislation vesting municipal courts with jurisdiction over various state misdemeanor offenses," *Kolker v. State*, 260 Ga. 240, 243 (391 SE2d 391) (1990), it has not done so with respect to simple battery and battery, both state offenses. OCGA §§ 16-5-23; 16-5-23.1. Otherwise, it is well established that a municipal court is without jurisdiction to try anyone for violation of state law. *State v. Millwood*, 242 Ga. 244, 246 (248 SE2d 643) (1978). Rangel was here prosecuted for simple battery in violation of "Section 16-5-23 of . . . local ordinance"; however, the record reflects that Forest Park had no such local ordinance.

The Municipal Court of Forest Park thus lacked jurisdiction over the offense, and any prosecution of the offense before such court is void and without effect as to a subsequent state court prosecution. *Lewis v. State*, 207 Ga. App. 212, 213 (427 SE2d 578) (1993); *Duncan v. State*, 185 Ga. App. 854, 855 (366 SE2d 154) (1988); *Parker v. State*, 170 Ga. App. 333 (1) (317 SE2d 209) (1984). Accordingly, OCGA §§ 16-1-7 (b) and 16-1-8 (b), do not bar Rangel's trial in state court on grounds of double jeopardy or prior prosecution. See OCGA § 16-1-8 (d) (1); *Parker*, supra at 334.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

### DECIDED MARCH 30, 1995.

*M. Glenn Howell, Sr.*, for appellant.

*Keith C. Martin, Solicitor,* for appellee.