[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12939
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00607-ELR

ZIAHONNA TEAGAN,

Plaintiff - Appellant,

versus

THE CITY OF MCDONOUGH, GEORGIA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 19, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Ziahonna Teagan, proceeding *pro se*, appeals the district court's order granting the City of McDonough's motion for summary judgment and denying her own motion for partial summary judgment. After careful review of the parties' briefs and the record, we affirm.

**I**

On November 7, 2013, Ms. Teagan was ticketed by a city police officer in McDonough, Georgia for failing to maintain insurance while driving. The offense was committed within the city limits of McDonough, so Ms. Teagan was ordered to appear before the City of McDonough Municipal Court. At her arraignment, when asked how she wanted to plead to her offense, Ms. Teagan requested a bench trial, and the Municipal Court interpreted her response as a not guilty plea. Ms. Teagan's case was set for a bench trial before Municipal Court Judge W. Donald Patten. On March 19, 2014, Ms. Teagan was found guilty of failing to maintain insurance. Judge Patten sentenced her to serve 60 days in jail, suspended upon the condition that she pay $795 by March 28, 2014.

On March 24, 2014, Ms. Teagan filed a motion for stay pending appeal with the Municipal Court, or alternatively, a delay of the sentencing order. Judge Patten found the motion to be invalid, and effectively denied it. Ms. Teagan did not pay her fine by the deadline, and a deputy clerk of court issued an arrest warrant. In May of 2014, Ms. Teagan was arrested and incarcerated at the Henry County Jail.

2

In March of 2015, Ms. Teagan, proceeding *pro se*, filed an action against the City in federal district court.  In March 2017 with counsel, Ms. Teagan filed her third amended complaint, which was the operative complaint when discovery ended.  She asserted five 42 U.S.C. § 1983 claims against the City, a state law claim for false imprisonment, and a request for attorneys' fees under 42 U.S.C. § 1988.

After discovery concluded, the City filed a motion for summary judgment on all of Ms. Teagan's claims, and Ms. Teagan filed a motion for partial summary judgment as to her false imprisonment claim.  The district court granted summary judgment to the City and denied Ms. Teagan's motion, finding that the actions of the Municipal Court could not be attributed to the City, and it would therefore have been improper to impose § 1983 municipal liability.  In a footnote, the district court stated that because of the inability to impose liability on the City, it need not address any other arguments, and therefore never considered Ms. Teagan's false imprisonment claim.  Ms. Teagan filed a timely notice of appeal.

On appeal, we affirmed the district court's order granting the City summary judgment in connection with all of the federal claims.  *See Teagan v. City of McDonough*, 949 F.3d 670, 672 (11th Cir. 2020).  However, as to the false imprisonment claim, we concluded that the district court erred in not separately addressing that claim and remanded for further proceedings.  *Id*. at 679.

On remand, Ms. Teagan submitted a supplemental brief arguing that Georgia

law did not require Judge Patten to be a final policymaker to impose liability under state law. She argued that, based on *Bunyon v. Burke County*, 285 F. Supp.2d 1310 (S.D. Ga. 2003), the proper inquiry was whether the official responsible for her incarceration was acting for the City. She further argued that the City was liable for Judge Patten's actions because the City hired him, and it was in furtherance of the City's interests that she was arrested and incarcerated.

The City responded and argued that Judge Patten acted pursuant to his limited state judicial authority, not the authority provided to him by the City. Thus, the City further argued that because Judge Patten was not acting as an employee of the City and the City had no control over his judicial decisions, the City could not be held liable for his actions.

The district court concluded that the warrant that Judge Patten issued for Ms. Teagan's arrest was not valid because it authorized her arrest for failure to pay a fine without determining whether the failure to pay was willful. In addition, the district court found that a warrant rooted in unconstitutional grounds is void, as was the case here, because Judge Patten was not authorized by either the United States Constitution or the Georgia Constitution to issue the warrant. The district court recognized that Ms. Teagan had a cognizable claim of false imprisonment against a proper defendant, but concluded that the City was not the proper defendant because Judge Patten's authority derived from the State of

4

Georgia, not the City.  Ms. Teagan filed a timely notice of appeal, which she later amended.

## II

### A

On appeal, Ms. Teagan argues that the district court erred in ruling that Judge Patten was acting on behalf of the State of Georgia and not the City.  She contends that the district court erred in assuming that the City had judicial immunity from liability.  She also asserts that the doctrine of vicarious liability applies because municipal courts derive their authority from the state government.  Further, she claims that the doctrine of qualified immunity does not apply because her constitutional rights were violated, and her rights were established at the time of her arrest.  The City, she maintains, abused its power by running a "debtors prison" through its Municipal Court.  Ms. Teagan also argues that Judge Patten issued the warrant in defiance of the jurisdictional limits of his authority.  Finally, Ms. Teagan claims that the City waived its "government immunity" from suit by allowing the negligence of its employees at the Municipal Court to occur.

The City responds that no Georgia appellate decision has held a municipality vicariously liable based on judicial actions undertaken by a municipal court judge. It argues that it cannot be held liable for Judge Patten's actions because he derived his authority from the State of Georgia and was not acting as an employee or agent

5

for the City when he directed the clerk of court to issue an arrest warrant for Ms. Teagan.

**B**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact and compels judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We have held that a county or municipal court judge acts on behalf of the state, and not on behalf of the municipality, when he engages in judicial acts for the purpose of applying or enforcing state law. *See Lucas v. O'Loughlin*, 831 F.2d 232, 235 (11th Cir. 1987). The Georgia Supreme Court has held that, following the ratification of the 1983 Georgia Constitution, the Georgia General Assembly enacted legislation vesting municipal courts with jurisdiction over various misdemeanor offenses under state law. *See Kolker v. State*, 391 S.E.2d 391, 393 (Ga. 1990). Specifically, one of the misdemeanor offenses the General Assembly gave a municipal court jurisdiction over was operating a motor vehicle without insurance. *See id.*

6

Here, the district court did not err when it granted the City's motion for summary judgment and denied Ms. Teagan's partial motion for summary judgment. Under Georgia law and our precedent, Judge Patten acted on behalf of the State of Georgia when he presided over Ms. Teagan's case because she was charged with operating a motor vehicle without insurance, a state-law misdemeanor. *See Lucas*, 831 F.2d at 235; *Kolker*, 391 S.E.2d at 393. The City cannot be held liable for Judge Patten's actions because he acted on behalf of the state.

## III

The district court's grant of summary judgment to the City is affirmed.

**AFFIRMED.**