## NEWMAN *v.* SCOFIELD.

Inasmuch as the law provides that "the practice and modes of procedure in the county court . . shall be the same as in the superior court, from the filing of the original suit to the final process," etc., except as otherwise provided in the Code (Civil Code, §§4198, 4204), the act of December 16, 1895, "to regulate practice in the superior court," became applicable to pleadings in the county courts, and consequently there was, in April, 1897, no error, at the second term of an appeal from a county court, in refusing to allow an amendment then offered to the defendant's plea, the same being objected to on the ground that it came too late, and there being no affidavit by the defendant "that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer."

Argued February 2, — Decided March 3, 1898.

Complaint on note.   Before Judge Felton.   Houston superior court.   April term, 1897.

*M. G. Bayne*, for plaintiff in error.
*R. N. Holtzclaw*, contra.

FISH, J.   On December 31, 1895, Scofield brought suit, in the county court of Houston county, against Newman, upon a promissory note for $102.60 principal, besides interest.   The

defendant filed a plea in which he simply denied that paragraph in the plaintiff's petition which alleged the indebtedness upon the note and described the note. When the case came on for trial in the county court, he offered an amendment to this plea, in which he alleged that the note was procured from him by the plaintiff by fraud, and set forth the alleged fraudulent representations made to him by the plaintiff which induced him to sign the note. "Upon objection of counsel" for the plaintiff, the judge of the county court refused to allow this amendment; and the trial resulted in a verdict for the plaintiff. From this judgment the defendant appealed to the superior court. At the second term of the appeal, which was in April, 1897, he offered this same amended plea, in the superior court, which was demurred to upon the ground that it came too late and that it contained new matter not referred to in the original plea and was not verified as required by the act of 1895. The court sustained the demurrer. The plaintiff introduced the note sued on, and closed. The defendant offered to prove, under his original plea, that the note was without consideration. The court refused to allow this evidence to be introduced, and directed a verdict for the plaintiff. The defendant excepted, and assigned as error each of the rulings of the court.

1. The court committed no error in sustaining the demurrer to the amended plea. The second section of the act of October 13, 1879, provides that the practice and modes of procedure in the county court shall be the same as in the superior court, from the filing of the original suit to the final process, except as thereinafter otherwise provided. These provisions are found in sections 4198 and 4204 of the Civil Code. Consequently the act of December 16, 1895, "regulating practice in the superior court," which does not conflict with any of the subsequent sections of the act of 1879, is applicable to pleadings in the county courts. Section seven of the act of 1895 provides, "that the defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or an-

swer, containing the new answer, he shall attach an affidavit that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer." Civil Code, § 5057. The defendant in this case sought, by his amended plea, to set up facts and a defense of which no notice was given by the original plea, without attaching thereto an affidavit that at the time of filing the original plea "he did not have notice or knowledge of the new facts or defense." It is therefore evident that this new plea could not withstand the demurrer thereto offered by the plaintiff. It is equally clear that the defendant could not, after the failure of his effort to amend his original plea, introduce evidence to support the defense of a failure of consideration. If he could not, without the affidavit required by the statute, set up such a defense by the amended plea which he offered, because no notice of it was given by his original plea, it is manifest that he could not introduce evidence to support it under the original plea alone.

<div align="center">

*Judgment affirmed.   All the Justices concurring.*