75591. DUNCAN v. THE STATE.
(366 SE2d 154)

BIRDSONG, Chief Judge.

Appellant was convicted of improper lane usage and DUI by the Gwinnett County Recorder's Court. Appellant filed an appeal pursuant to OCGA § 40-13-28 and the Gwinnett County Superior Court dismissed the appeal. Appellant appeals to this court and has enumerated the following two errors: (a) that the superior court erred in dismissing appellant's appeal and not hearing the case on its merits; and (b) that the recorder's court erred in trying appellant for a violation of state law over which it had no jurisdiction.

We have appellate jurisdiction over the first enumerated error pursuant to OCGA § 5-6-34, and over the second enumerated error pursuant to OCGA § 5-6-34 (c). We will address appellant's second enumerated error first, because if his contentions are correct, the resolution of this issue will be dispositive of this appeal.

1. Did the recorder's court lack subject matter jurisdiction over the charged offenses? The record reveals that appellant was cited by the arresting officer for improper lane usage "in Violation of Section 40-6-48 (1) of . . . State Law" and for driving under the influence "in Violation of Section 40-6-391 (A) (1) of . . . State Law." The record contains no express showing that the prosecutor ever exercised its prosecutorial discretion under OCGA § 40-6-376 to amend these citations to violations of a local ordinance. See, e.g., OCGA § 40-6-375. Further, at trial, the court advised the appellant that "you do understand this being a *State offense*, you do have the right to a trial by jury?" (Emphasis supplied.) Appellant executed a written waiver of rights for a trial by jury and elected to be tried by the court; however, the offenses listed on the waiver sheet were referred to merely as DUI and improper lane usage, and not as a violation of local ordinance.

The court ultimately found appellant guilty "of the charge of driving under the influence as well as the lane change violation"; and, the disposition and sentence portion of the two Uniform Traffic Citation/ Summons/Accusation/Warning forms reflect that appellant was so convicted. In view of the above, we are satisfied that appellant has been tried and convicted in recorder's court for violations of state law rather than for a violation of local ordinance as asserted by the appellee.

Art. VI, Sec. I, Par. I of the Georgia Constitution of 1983 vests the "judicial power of the state" in specific classes of courts. County recorder's courts are not among those vested with such power. The provisions of this constitutional paragraph are expressly made applicable to recorder's courts, and constitute a limitation on their jurisdiction. Thus, county recorder's court cannot exercise state judicial power. Accordingly, the recorder's court of Gwinnett County was without jurisdiction to try appellant for a violation of state law, rather than for a violation of a county ordinance. See *State v. Millwood*, 242 Ga. 244, 246 (248 SE2d 643); *City of Atlanta v. Landers*, 212 Ga. 111, 113 (90 SE2d 583); *Parker v. State*, 170 Ga. App. 333 (1) (317 SE2d 209); *Wallace v. State*, 112 Ga. App. 505 (1) (145 SE2d 788). Thus, the proceeding by the recorder's court in the case at bar is null and void. As the proceeding was null and void, OCGA §§ 16-1-7 (b); 16-1-8 (a) and (b); and 40-6-376 (c) do not prohibit appellant's retrial on grounds of double jeopardy or prior prosecution. See OCGA § 16-1-8 (d) (1); *Parker v. State*, supra at 334.

2. In view of the disposition of the second enumerated error, we need not address the merits of appellant's first enumerated error.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 25, 1988 —
REHEARING DENIED FEBRUARY 17, 1988 — 

*Virgil L. Brown*, for appellant.
*Robert S. Jones, Solicitor*, for appellee.