## A89A1114. KOLKER v. THE STATE.
### (387 SE2d 597)

CARLEY, Chief Judge.

In 1985, appellant entered a plea of nolo contendere in the Recorder's Court of the City of Chamblee to a charge of driving under the influence in violation of OCGA § 40-6-391. Some years later, an accusation was filed in the State Court of Gwinnett County charging appellant with the commission of yet another count of driving under the influence in violation of state law. Urging that the previous proceedings brought against him in the municipal recorder's court were void for lack of subject matter jurisdiction, appellant attempted to enter a plea of nolo contendere to the subsequent charge of driving under the influence. The trial court concluded that it had no authority to disregard appellant's prior plea and refused to accept what it found to be appellant's second nolo contendere plea to a charge of driving under the influence. After the trial court refused to accept his nolo contendere plea, appellant pled guilty. He appeals from the judgment of conviction and sentence that was entered by the trial court on his plea of guilty.

1. If the prior proceedings in the Recorder's Court of the City of Chamblee were shown by appellant to be void for lack of subject matter jurisdiction, the trial court would be required to disregard those void proceedings in the context of the instant case. See generally *Barrett v. State,* 183 Ga. App. 729 (1) (360 SE2d 400) (1987).

In urging that the previous proceedings in the municipal recorder's court were void, appellant relies upon *Duncan v. State,* 185 Ga. App. 854 (366 SE2d 154) (1988). In *Duncan,* we held that, under Art. VI, Sec. I, Par. I of the Ga. Const. of 1983, the Recorder's Court of Gwinnett County had no jurisdiction over alleged violations of state traffic laws. Art. VI, Sec. I, Par. I provides, in relevant part, that "[t]he judicial power of the state shall be vested *exclusively* in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court. . . . *Except as provided in this paragraph and in Section X,* . . . county recorder's courts . . . in existence on June 30, 1983 . . . shall not be subject to the provisions of this article." (Emphasis supplied.) Art. VI, Sec. X, Par. I (5) provides, in relevant part, that "[o]n the effective date of this article: . . . county recorder's courts . . . *shall continue with the same jurisdiction as such courts . . . have on the effective date of this article* until otherwise provided by law." (Emphasis supplied.) The Recorder's Court of Gwinnett County was

in existence on June 30, 1983, and, on the date that Art. VI of the Georgia Constitution of 1983 became effective, that court had been invested by the General Assembly with jurisdiction to try state traffic offenses. See Ga. L. 1972, p. 3125. Thus, *Duncan* failed to recognize that the Recorder's Court of Gwinnett County is subject to *two* provisions of the Georgia Constitution of 1983, one of which purports to vest the judicial power of the state exclusively in certain classes of courts other than county recorder's courts, but the other of which purports to authorize the continuance of the legislative grant to that county recorder's court of jurisdiction over state traffic offenses.

Accordingly, the issue of whether, under the Georgia Constitution of 1983, the Recorder's Court of Gwinnett County has jurisdiction to try state traffic offenses involves a construction of Sections I and X of that Constitution. See generally *State of Ga. v. Ashmore*, 236 Ga. 401, 403 (I) (224 SE2d 334) (1976). This court has no jurisdiction to resolve such an issue. "The Supreme Court . . . shall exercise *exclusive* appellate jurisdiction in . . . [a]ll cases involving the construction . . . of the Constitution of the State of Georgia. . . ." (Emphasis supplied.) Art. VI, Sec. VI, Par. II (1) of the Ga. Const. of 1983. Thus, in *Duncan*, this Court exceeded its subject matter jurisdiction and erred in failing to transfer the case to the Supreme Court. It follows that *Duncan v. State*, supra, must be overruled.

2. Pursuant to OCGA § 40-13-21 (a), municipal courts were seemingly invested with jurisdiction over certain state traffic offenses. It would appear, however, that, prior to the effective date of the Georgia Constitution of 1983, the Recorder's Court of the City of Chamblee was without jurisdiction to try state traffic offenses pursuant to OCGA § 40-13-21 (a). See *Clarke v. Johnson*, 199 Ga. 163 (33 SE2d 425) (1945); *Hannah v. State*, 97 Ga. App. 188 (102 SE2d 624) (1958). Accordingly, unlike the Recorder's Court of Gwinnett County, the Recorder's Court of the City of Chamblee apparently had in 1985 no jurisdiction over state traffic offenses which had been "continued" pursuant to Art. VI, Sec. X, Par. I (5) of the Georgia Constitution of 1983.

Art. VI, Sec. I, Par. I of the Georgia Constitution of 1983 provides, in relevant part, however, that "[t]he judicial power of the state shall be vested *exclusively* in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court. . . . *In addition*, the General Assembly may establish or authorize the establishment of municipal courts. . . . Municipal courts shall have jurisdiction over ordinance violations and *such other jurisdiction as provided by law*." (Emphasis supplied.) The State urges that, notwithstanding the vesting of the judicial power of the state *exclusively* in certain classes of courts other than municipal courts, Art. VI, Sec. I, Par. I of the Geor-

gia Constitution of 1983 nevertheless *also* authorizes the General Assembly to confer "by law" jurisdiction upon municipal courts to try state offenses and that, pursuant to the adoption of that constitutional provision, jurisdiction over state traffic offenses was automatically conferred "by law" upon the Recorder's Court of the City of Chamblee by virtue of the existence of OCGA § 40-13-21 (a). See generally *State of Ga. v. Ashmore,* supra.

Thus, the issue to be determined in the instant case is whether the language of Art. VI, Sec. I, Par. I of the Georgia Constitution of 1983 which provides that municipal courts are authorized to exercise "such other jurisdiction as provided by law" is properly construed as being an *exception* to or as being *limited* by the constitutional grant, in that same paragraph, of the judicial power of the state exclusively to courts other than municipal courts. Municipal courts are either constitutionally authorized to exercise "such other jurisdiction as provided by law" *including* jurisdiction over state traffic offenses as provided by OCGA § 40-13-21 (a) or, notwithstanding the provisions of OCGA § 40-13-21 (a), they are constitutionally authorized to exercise "such other jurisdiction as provided by law" *except* jurisdiction over state offenses.

It is clear that, as in *Duncan,* this Court has no jurisdiction to address this issue of the construction of the provisions of the Constitution of Georgia of 1983. See Art. VI, Sec. VI, Par. II of the Ga. Const. of 1983. Accordingly, this appeal must be transferred to the Supreme Court.

*Appeal transferred. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

"When the right point of view is discovered, the problem is more than half solved." *Ellison v. Ga. R. &c. Co.,* 87 Ga. 691, 706-707 (13 SE 809) (1891). Because I believe that the majority opinion has discovered the wrong point of view and thereby has more than half compounded the problem, I must respectfully dissent.

Initially, I note that *Duncan v. State,* 185 Ga. App. 854 (366 SE2d 154) (1988), concerned the jurisdiction of county recorder's courts. The instant case concerns the jurisdiction of municipal courts. Although I share the majority opinion's observation that this court in *Duncan* evidently overlooked Ga. Const., Art. VI, Sec. X, Par. I (5), the fact remains that *Duncan* is inapposite here. The majority opinion inappropriately attempts to use the instant case as a vehicle to overrule *Duncan.*

More importantly, I believe the majority opinion has taken the wrong view concerning this court's own jurisdiction. Ga. Const., Art.

VI, Sec. I, Par. I, following the assignment of judicial power of the State, provides that "[m]unicipal courts shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law." OCGA § 40-13-21 (a) expressly empowers municipal courts to handle cases involving "all criminal laws of this state relating to traffic upon the public roads, streets, and highways of this state where the penalty for the offense does not exceed that of the grade of misdemeanor." Under these constitutional and statutory provisions, municipal courts such as the Recorder's Court of the City of Chamblee clearly have jurisdiction over misdemeanor DUI offenses.

The instant case involves application, not construction, of precise and unambiguous provisions of the state constitution. In this situation, the majority opinion thus errs in transferring the appeal to the Supreme Court. *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986).

Considering the merits of this appeal, OCGA § 40-6-391.1 (a) provides that acceptance of a nolo contendere plea is within the trial court's discretion. The record demonstrates no abuse of discretion in the trial court's refusal to accept the appellant's nolo contendere plea in this case, and I would affirm.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED OCTOBER 26, 1989.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Gerald N. Blaney, Solicitor, George L. Kimel, David M. Fuller, Assistant Solicitors*, for appellee.