A89A1623. DUNCAN v. THE STATE.
(389 SE2d 365)

McMurray, Presiding Judge.

On May 30, 1986, defendant Duncan was arrested and charged by uniform traffic citations with the offenses of driving under the influence of alcohol and improper lane usage. Subsequently, defendant was convicted of both offenses in the Gwinnett County Recorder's Court. Defendant's appeal to the Gwinnett County Superior Court was dismissed and she appealed to this Court. In *Duncan v. State*, 185 Ga. App. 854 (366 SE2d 154), this Court reversed defendant's convictions after concluding that the convictions were for violations of state law and that the Recorder's Court of Gwinnett County was without jurisdiction to try defendant for a violation of state law (as opposed to a violation of a county ordinance). This Court also held that the proceeding by the recorder's court was null and void and therefore did not bar defendant's retrial on grounds of double jeopardy or prior prosecution. This Court's decision in *Duncan v. State*, 185 Ga. App. 854, supra, remains the law of that case although this Court in *Kolker v. State*, 193 Ga. App. 306 (387 SE2d 597) held that this Court exceeded its subject matter jurisdiction in deciding *Duncan v. State*, 185 Ga. App. 854, supra, rather than transferring that case to the Supreme Court of Georgia.

On September 26, 1988, and subsequent to this Court's earlier decision in the case sub judice, defendant was charged by accusation in the State Court of Gwinnett County with having committed the offenses of driving under the influence of alcohol, improper lane usage, and simple battery. The alleged date of each of the offenses is May 30, 1986. Defendant filed a plea in bar in the State Court of Gwinnett County contending that the state court accusation "shows on its face that it was filed outside of the two-year statute of limitations, which violates OCGA § 17-3-1 (d) and prevents the State of Georgia from pursuing this prosecution." The present appeal arises from the state court's denial of defendant's plea in bar. *Held*:

Generally, prosecution for misdemeanors must be commenced within two years after the commission of the crime. OCGA § 17-3-1 (d). The period within which a prosecution must be commenced under OCGA § 17-3-1 (d) does not include any period in which the person committing the crime is unknown or the crime is unknown. OCGA § 17-3-2 (2). The knowledge placed at issue by OCGA § 17-3-2 (2) is the knowledge of the State, which knowledge includes that imputed to the State through the knowledge not only of the prosecution,

but also includes the knowledge of someone interested in the prosecution, or injured by the offense. *State v. Brannon*, 154 Ga. App. 285, 287 (2) (267 SE2d 888). Thus, the knowledge of a victim of a crime (*Taylor v. State*, 44 Ga. App. 64, 67 (2) 69, 70 (160 SE 667)) or of a law enforcement officer (*Holloman v. State*, 133 Ga. App. 275, 277 (4), 278 (211 SE2d 312)), is imputed to the State. It follows that the assistant solicitor's argument in the case sub judice, that "appellee was not aware of the charges against appellant until August 7, 1987, when the charges were bound over to the State Court from the Recorder's Court," is not correct since the knowledge of the officer who arrested defendant on May 30, 1986, was imputed to the State on that date. See also *Cain v. State*, 144 Ga. App. 249 (240 SE2d 750).

Having determined that the period of limitation commenced on May 30, 1986, we next turn to the State's contention that the period was tolled during the period that the earlier appeal in the case sub judice was pending before this Court. The sole authority cited for this proposition is a civil case, *Yield, Inc. v. City of Atlanta*, 152 Ga. App. 171, 172, 173 (1) (262 SE2d 481), which may be conceptually distinguished. In a criminal statute of limitation only an exception or condition contained within the statute will toll its operation. See 21 AmJur2d, § 227 and 22 CJS, § 228 (1). As the pendency of an appeal is not among the exceptions provided by OCGA § 17-3-2 to the running of the period of limitation provided by OCGA § 17-3-1, we find no merit in the State's contention that the running of the period of limitation was tolled during the pendency of the previous appeal in the case sub judice.

While we conclude that prosecution of defendant under the state court accusation is barred by OCGA § 17-3-1, such does not require the complete grant of defendant's plea in bar since defendant may be prosecuted under the uniform traffic citation which she received at the time of her arrest. Since the uniform traffic citation contains an accusation, the "accusation subsequently filed by the solicitor's office is superfluous." *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171). However, the prosecution of defendant is limited to those offenses charged in the uniform traffic citation and since the state court accusation adds the charge of the offense of simple battery, defendant's plea in bar should have been granted in part as to the charge of simple battery *only*. The state court did not err in refusing to dismiss the charges against defendant of driving under the influence of alcohol and improper lane usage charged in the uniform traffic citation.

*Judgment affirmed in part and reversed in part. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989 —
REHEARING DENIED DECEMBER 4, 1989 —

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor,* for appellee.