A89A0937. WHALEY v. THE STATE.
(390 SE2d 677)
ORDER OF COURT.

This court having held that the issue of whether municipal courts have jurisdiction over state traffic offenses is one which requires a construction of the Georgia Constitution (*Kolker v. State*, 193 Ga. App. 306 (387 SE2d 597) (1989)), and the Supreme Court having exclusive jurisdiction over cases requiring construction of constitutional provisions (id.), it is hereby ordered that our decision in this case,

dated November 8, 1989, is vacated and this case is transferred to the Supreme Court.

DEEN, Presiding Judge, dissenting.

I dissent from the transferral of this case to the Supreme Court, for basically the same reasons I dissented in *Kolker v. State*, 193 Ga. App. 306 (387 SE2d 597) (1989). Moreover, the fact that the Supreme Court actually transferred this case to us in the first place should foreclose our conclusion that the issue to be resolved involves construction of the Constitution. Regardless of the eventual outcome of *Kolker*, the instant case is properly before this court.

Concerning the merits of the State's motion for rehearing, I believe we correctly determined that under the Constitution and OCGA § 40-13-21, municipal courts have jurisdiction over misdemeanor traffic offenses. Accordingly, the motion for rehearing should be denied.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED DECEMBER 19, 1989 —
REHEARING DENIED DECEMBER 19, 1989.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn,* for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney,* for appellee.