## S90A0361. WOJCIK v. THE STATE.
(392 SE2d 525)

FLETCHER, Justice.

In 1986 the appellant was convicted of a state DUI offense, OCGA § 40-6-391 (a) (1), under a plea of nolo contendere entered in the Recorder's Court of Gwinnett County. A local act enacted in 1972 established the Gwinnett County Recorder's Court (Ga. L. 1972, p. 3125) and vested it with jurisdiction over state misdemeanor traffic offenses committed throughout the entire territorial limits of the county. Ga. L. 1972, p. 3126, § 2. The question for decision in this case is whether the 1983 Georgia Constitution sanctions this legislative grant of limited state criminal-law jurisdiction to the recorder's court. For reasons which follow, we hold that it does. We therefore affirm the trial court's denial of appellant's motion to declare the DUI conviction null and void. Accord Earp v. Brown, 260 Ga. 215 (391 SE2d 396) (1990).

In Duncan v. State, 185 Ga. App. 854 (366 SE2d 154) (1988), the Court of Appeals held that the Recorder's Court of Gwinnett County was without jurisdiction to try a person charged with violating a state criminal offense, in that cases exemplified by State v. Millwood, 242 Ga. 244 (248 SE2d 643) (1978), hold that only state courts have jurisdiction to try persons charged with violations of state criminal laws. Since Art. VI, Sec. I, Par. I of the 1983 Georgia Constitution vests state judicial power exclusively in various classes of courts other than county recorder's courts, Duncan held that the 1983 Constitution perpetuates the rule applied in Millwood. However, in Kolker v. State, 193 Ga. App. 306 (2) (387 SE2d 597) (1989), the Court of Appeals overruled Duncan on the ground that the question of whether the recorder's court can exercise jurisdiction over a state offense under the 1983 Constitution requires a construction of Art. VI, Sec. I, Par. I, as well as Art. VI, Sec. X, Par. I (5), of the 1983 Constitution, and is therefore within this Court's exclusive appellate jurisdiction. We agree.

Although Art. VI, Sec. I, Par. I vests the judicial power of the state exclusively in classes of courts other than county recorder's courts, it also states: "Except as provided in this paragraph and in

Section X, municipal courts, county recorder's courts and civil courts in existence on June 30, 1983, and administrative agencies shall not be subject to the provisions of this article." Paragraph I (5) of Section X provides that county recorder's courts, administrative agencies having quasi-judicial powers, and other named courts "shall continue with the same jurisdiction as such courts and agencies have on the effective date of this article until otherwise provided by law."

We take judicial notice of the fact that there are currently three county recorder's courts in this state, and there is one recorder's court for a consolidated city/county government. These are the Recorder's Court of Chatham County, the Recorder's Court of DeKalb County, the Recorder's Court of the consolidated government of Columbus/Muscogee County, and the Recorder's Court of Gwinnett County. The recorder's courts in Chatham and DeKalb counties were created pursuant to local constitutional amendments authorizing the respective board of county commissioners to establish a county recorder's court and vest it with such jurisdiction and powers "as may be prescribed by law." Ga. L. 1952, p. 617, § 2 (Chatham County); Ga. L. 1958, pp. 582, 583-584, § 2 (DeKalb County). Thus, there is constitutional authorization for the jurisdiction of these courts. The recorder's court for the consolidated government of the City of Columbus and Muscogee County is the Recorder's Court of Columbus; and this recorder's court is the successor to the Mayor's Court of the City of Columbus, (Ga. L. 1971, Extr. Sess., pp. 2007, 2064, § 5-600), which was a municipal court. See *Kolker v. State*, 260 Ga. 240 (391 SE2d 391) (1990).

As we have previously noted, the Recorder's Court of Gwinnett County was established by a local legislative act enacted in 1972. Ga. L. 1972, p. 3125. In addition to giving the recorder's court jurisdiction over state misdemeanor traffic offenses, the 1972 act provides that the recorder's court judge and other court officials are to be appointed by the senior judge of the Superior Court of Gwinnett County and the Judge of the State Court of Gwinnett County. Ga. L. 1972 at p. 3128 et seq. The judge of the recorder's court is also given the power to issue warrants for state criminal offenses committed within the limits of the county, and to commit such persons to jail or, in bailable cases, to admit them to bail. Ga. L. 1972, p. 3127, § 4.

Whether the Recorder's Court of Gwinnett County, at the time of its establishment, was properly classified as a state court authorized to exercise state judicial power is a debatable question. *Millwood* and its progenitors deal only with municipal courts, and these cases condemn the establishment of a court authorized to enforce state criminal laws but under the control of municipal authorities. See *City of Atlanta v. Landers*, 212 Ga. 111 (90 SE2d 583) (1955). Since the judge and certain other court officials of the Gwinnett County Recorder's Court are appointed by state court judges rather than local

authorities, the cases exemplified by *Millwood* are to that extent inapposite. And, as a political subdivision of the state, a county functions as an instrumentality of state government at a more rudimentary level than does a municipal corporation. See McQuillin, 1 Municipal Corporations, § 2.46, p. 219. But see *Mosley v. Garrett*, 182 Ga. 810 (187 SE 20) (1936). However, the Gwinnett County Recorder's Court was established after passage of a general legislative act creating uniform jurisdiction, practice, and procedure in State Courts. OCGA § 15-7-1 et seq. (Ga. L. 1970, p. 679); see *Yeargin v. Burleson*, 132 Ga. App. 652 (1) (209 SE2d 99) (1974); see also *South Ga. R. Co. v. Ryals*, 123 Ga. 330 (51 SE 428) (1905); *Newman v. Scofield*, 102 Ga. 810 (30 SE 427) (1897). This gives rise to the contention that the 1972 act is a special law in conflict with a general law on the same subject matter. See *Lorentz & Rittler v. Alexander*, 87 Ga. 444 (3) (13 SE 632) (1891).

Recognizing the existence of these issues but pretermitting their resolution, we hold that under the 1983 Georgia Constitution, the Recorder's Court of Gwinnett County continues to possess its limited jurisdiction over state misdemeanor traffic offenses "until otherwise provided by law."

*Judgment affirmed. All the Justices concur, except Benham, J., not participating.*

DECIDED JUNE 21, 1990.

*Jambrough & Shapiro, Michael B. Shapiro,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Robert Greenwald, Assistant Solicitor,* for appellee.