A92A1025. DUNCAN v. THE STATE.
(425 SE2d 307)

COOPER, Judge.

This is the third appearance of this case before this court. Appellant was arrested for driving under the influence and improper lane usage in May 1986, and was tried, convicted and sentenced in the Recorder's Court of Gwinnett County in March 1987. On appeal this court reversed appellant's conviction, holding that the Recorder's Court of Gwinnett County was without jurisdiction because the alleged offenses involved violations of state laws rather than local ordinances. *Duncan v. State*, 185 Ga. App. 854 (1) (366 SE2d 154) (1988) ("*Duncan I*"). In September 1988, appellant was charged by accusation in the State Court of Gwinnett County with driving under the influence, improper lane usage and simple battery, all of which were

based on the same May 1986 occurrence. After the state court denied appellant's plea in bar she again appealed, this time contending that the state court accusation was filed more than two years after the alleged offenses in violation of the two-year statute of limitation for misdemeanors contained in OCGA § 17-3-1 (d). *Duncan v. State*, 193 Ga. App. 793 (389 SE2d 365) (1989) (*"Duncan II"*). This court reversed as to the simple battery charge only, holding that OCGA § 17-3-1 barred prosecution under the state court accusation but that the traffic offenses could be prosecuted under the uniform traffic citation appellant received at the time of her arrest. After *Duncan II*, appellant challenged her prosecution on the remaining DUI and improper lane usage counts with another plea in bar, contending that reprosecution on these charges would constitute double jeopardy and violate her right to a speedy trial. It is from the denial of this plea at bar that appellant now appeals.

1. Appellant argues that since she has already been tried and convicted on the DUI and improper lane usage offenses, she cannot be tried for these same offenses again. An accused cannot be reprosecuted for the same crime based upon the same material facts. OCGA § 16-1-8. Where the first conviction was before a court which lacked jurisdiction, however, the prohibition on reprosecution does not apply. OCGA § 16-1-8 (d) (1). Although this court subsequently concluded we exceeded our jurisdiction in deciding *Duncan I*, see *Kolker v. State*, 193 Ga. App. 306 (387 SE2d 597) (1989), and the Supreme Court subsequently held the Recorder's Court of Gwinnett County *does* have jurisdiction over state misdemeanor traffic offenses, see *Wojcik v. State*, 260 Ga. 260 (392 SE2d 525) (1990), our decision in *Duncan I*, that the Recorder's Court which originally tried appellant on these charges lacked jurisdiction to do so, remains the law of the case. *Duncan II*, supra at 793. Moreover, reprosecution is not prohibited where, as here, the first conviction was reversed in subsequent proceedings on grounds other than the insufficiency of the evidence and without adjudging the accused not guilty. See OCGA § 16-1-8 (d) (2). Accordingly, the general rule against reprosecution does not apply in this case and reprosecution of appellant will not constitute double jeopardy.

2. Although appellant mentions her right to a speedy trial in her enumeration of error, her brief addresses only the double jeopardy issue. "Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned." Court of Appeals Rule 15 (c) (2). We therefore deem any speedy trial argument appellant may have had abandoned.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 27, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992 

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.