# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0204. DUSTIN DEAN NAPIER v. EMILY ANN NAPIER.**

In this divorce case, Dustin Dean Napier seeks discretionary review of the trial court's order denying his motion for new trial. Because Napier has already obtained appellate review, the application is subject to dismissal.

In August 2022, the trial court entered a final divorce decree. Proceeding pro se, Napier filed both a motion for new trial in the trial court and an application for discretionary appeal in this Court. The filing of the motion for new trial preserved jurisdiction in the trial court. See *Banks v. State*, 277 Ga. 543, 547 (4) (592 SE2d 668) (2004). But Napier neither mentioned the pending motion for new trial in his application brief nor included a copy of the motion with his exhibits. Because this Court was unaware of the pending motion for new trial, we denied the application for discretionary appeal on the merits. See Case No. A23D0076 (Oct. 21, 2022). Thereafter, the trial court denied the motion for new trial, and Napier filed this application for discretionary appeal.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011); see also OCGA § 9-11-60 (h). Here, our denial of Napier's first discretionary application is a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013). Napier is thus not entitled to relitigate the divorce decree. See *Ross*, 310 Ga. App. at 328 (a litigant is "not entitled to multiple bites at the apple"). It is of no consequence that we should not have ruled on the first discretionary application. See *Duncan v. State*, 206 Ga. App. 407, 408 (1) (425 SE2d 307) (1992) (law of the case rule applies

even where ruling is issued in excess of our jurisdiction).

"It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (punctuation omitted). Accordingly, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/26/2023*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*